# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ID No. 1701002173 |
| | ) | |
| | ) | |
| | ) | |
| KADEEM ROSE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 17, 2019
Decided: September 30, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Zachary D. Rosen, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kadeem Rose, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

SALOMONE, Commissioner

This 30th day of September 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On January 4, 2017, the Wilmington Police observed a black Cadillac pull away from the curb in front of 515 W. 7th Street without signaling and nearly striking a female pedestrian. The police then heard a man, later determined to be Kadeem Rose ("Rose"), slurring his words as he called to the female to apologize.[1]

2. The Wilmington Police stopped the vehicle for failure to use a turn signal and to investigate a possible DUI. Upon being approached by the police, Rose admitted that the vehicle had been rented by his mother and that he was not authorized to drive it. Because Rose was suspected of being under the influence and not authorized to drive the vehicle, the car had to be towed. Prior to the tow, the police conducted an inventory search of the car and found a loaded firearm concealed in a backgammon box in the rear magazine pocket of the front passenger seat. As a convicted felon, Rose was prohibited from possessing a firearm. The police also found controlled substances hidden in Rose's sock.

3. In a subsequent interview with the police, Rose admitted to possessing the firearm, concealing it and knowing that it was stolen.

---

[1] Rose was later determined to be the driver of the vehicle.

4. On April 17, 2017, a New Castle County grand jury indicted Rose on two counts of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited, Carrying a Concealed Deadly Weapon, Receiving a Stolen Firearm, two counts of Illegal Possession of a Controlled Substance (or Counterfeit Controlled Substance) and Failure to Use a Turn Signal.

5. On July 13, 2017, counsel filed a motion to suppress on Rose's behalf with respect to the foregoing charges. That same day, while on bail, Rose was arrested by the Wilmington Police on new drug charges (Cr. Id No. 1707009665), including Possession with Intent to Deliver Crack and Possession of Oxycodone.

6. After Rose's second arrest, counsel negotiated a global plea with the prosecutor to resolve both outstanding cases.

7. On July 27, 2017, defense counsel met with Rose and reviewed the plea agreement, which Rose signed.

8. On July 31, 2017, Rose pleaded guilty to one count of PFBPP and was immediately sentence to 15 years at Level V, suspended after five years for two years at Level III.[2] During the plea colloquy with the Court, Rose stated on the record that he understood that by entering the plea, he was waiving (i) his right to present

---

[2] Plea Agreement and TIS Guilty Plea Form, *State v. Kadeem Rose*, ID No. 1701002173 (Del. Super. Ct. July 3, 2017) (D.I. 13). The PFBPP charged carried with it a five-year minimum mandatory sentence.

the motion to suppress and (ii) his right to a trial.[3] As part of the plea, the State agreed to dismiss all the remaining charges of both cases.

9. Rose did not file a direct appeal from his conviction or sentence to the Delaware Supreme Court.

## RULE 61 MOTION

10. On July 26, 2018, Rose filed a *pro se* Motion for Postconviction Relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61"), raising claims of ineffective assistance of counsel for (i) failing to "bring evidence or raise proper grounds for a suppression hearing," (ii) coercing him into entering into his plea and waiving his suppression hearing, (iii) failing to file a direct appeal, and (iv) failing to allege that the traffic stop was pretextual. On the same day, Rose also filed a Motion for Appointment of Counsel. The Court denied Rose's Motion for Appointment of Counsel on August 2, 2018, finding that Rose failed to set forth a substantial ineffective assistance of counsel claim as required by Rule 61(e)(2)(ii).

11. The record was enlarged and defense counsel was directed to submit an Affidavit responding to Rose's ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion. Rose was given the opportunity to file a reply thereto but failed to do so.[4]

---

[3] Transcript of Plea Colloquy July 31, 2017 at 4-5.

[4] Super. Ct. Crim.R. 61(g).

4

12. After briefing was completed, this motion was referred to the undersigned Commissioner to assist in the resolution of the motion.

## LEGAL ANALYSIS OF CLAIMS

13. Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Rule 61 Motion.[5] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[6] However, ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[7]

14. This is Rose's first motion for post-conviction relief and it was timely filed.[8] Since Rose has raised only ineffective assistance of counsel claims, the Court may consider the claims because they are not subject to any procedural bars.

---

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).

[7] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[8] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final); Super. Ct. Crim. R. 61(m)(2) (If the defendant files a direct appeal, the judgment of conviction becomes final when the mandate is issued).

5

15. In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong standard set forth in *Strickland v. Washington.*[9] This test requires the petitioner to show: (a) counsel's deficient performance, *i.e.,* that his attorney's performance fell below "an objective standard of reasonableness,"[10] and (b) prejudice.[11]

16. Under the first prong, judicial scrutiny is highly deferential. Courts must ignore the distorting effects of hindsight and proceed with a strong presumption that counsel's conduct was reasonable.[12] The *Strickland* Court explained that a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.[13]

17. Under the second prong, in order to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome."[14] In other

---

[9] *Strickland v. Washington,* 466 U.S. 668 (1984).

[10] *Id.* at 688.

[11] *Id.* at 694.

[12] *Id.* at 689.

[13] *Id.* at 690.

[14] *Id.* at 694.

6

words, not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.[15] The court must consider the totality of the evidence and must ask if the movant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.[16] "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[17]

18.     In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[18] The burden of proving ineffective assistance of counsel is on the defendant.[19] Mere allegations of ineffectiveness will not suffice; instead, a

---

[15] *Id.* at 693.

[16] *Dale v. State*, 2017 WL 443705, * 2 (Del. 2017); *Strickland v. Washington*, 466 U.S. 668, 695-696 (1984).

[17] *Cooke v. State*, 977 A.2d 803, 840 (Del. 2009)(quoting *Strickland*, 466 U.S. at 686).

[18] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hickman v. State*, 1994 WL 590495 (Del.) (applying *Strickland* to guilty pleas).

[19] *Oliver v. State*, 2001 WL 1751246 (Del.).

defendant must make and substantiate concrete allegations of actual prejudice.[20]

## The Ineffective Assistance of Counsel Claims Are Without Merit

19. The Court finds each of defendant's ineffective assistance of counsel claims to be without merit.

20. With respect to Rose's claim that defense counsel's representation was deficient because she failed to "raise proper grounds for a suppression hearing," this claim is factually untrue. The record reflects that defense counsel filed a motion to suppress on July 13, 2017 that addressed the bases upon which the Court could suppress the firearm.[21] Counsel further explained that the likelihood of prevailing on the suppression motion was low.

> This was a difficult case because the police had a basis to stop the car based on the traffic violation and Mr. Rose was not permitted to drive the car. I did not believe he had any strong suppression issues.[22]

21. Rose represented to the court at the time of the plea that he had fully read and understood the contents of that Plea Agreement, including the fact that by entering the plea he was waiving his right to a suppression hearing.[23] With respect to this

---

[20] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[21] Affidavit of Natalie S. Woloshin, Esq., dated January 14, 2019, ¶ 14. [hereinafter "Woloshin Affidavit"].

[22] *Id.*

[23] July 31, 2017 Plea Transcript, at pg. 5.

first claim for ineffective assistance of counsel, Defendant has failed to establish either prong of the *Strickland* test.

22. As to Rose's second claim for ineffective assistance of counsel--that he was coerced to enter into the plea--there is nothing in defendant's Rule 61 motion which establishes coercion by counsel. Moreover, defense counsel denies this allegation.[24]

23. Rose represented to the Court at the time of the plea that defense counsel had (i) fully reviewed the plea documents with him and answered any questions he had, (ii) discussed the evidence in the case and possible defenses, and (iii) done all she reasonably could for him.[25] In addition, Rose represented to the Court that (a) he was satisfied with his representation and (b) no one was threatening him or forcing him to enter into the guilty plea.[26]

24. The Court found Rose's plea was knowingly, intelligently and voluntarily entered.[27]

25. Rose's acceptance of the plea represents a rational decision by him to avoid a trial where the downside could have resulted in a significantly greater prison sentence if convicted. Rose was obtaining a benefit by entering into the plea in that

---

[24] Woloshin Affidavit ¶ 5.

[25] July 31, 2017 Plea Transcript, at pg. 9-10.

[26] July 31, 2017 Plea Transcript, at pg. 10-11.

[27] July 31, 2017 Plea Transcript, at pg. 11.

9

the additional charges in the indictment were *nolle prossed* and his second case (Cr. Id No. 1707009665) was dismissed. Indeed, in light of the facts and circumstances of this case, it was unlikely Rose would have prevailed at trial and that the plea was his best option. Accordingly, the Court finds that defendant has failed to meet the *Strickland* test with respect to his second ineffective assistance of counsel claim.

26. In his third claim for ineffective assistance of counsel, Rose alleges that defense counsel failed to file a direct appeal on his behalf. Defense counsel denies this allegation and states that Rose never requested that she file such an appeal.[28] Defense counsel also represented to the Court that on August 8, 2017 she sent a letter to the defendant making clear that the case was closed.[29]

27. The defendant has cited no evidence showing that he requested a direct appeal or that he had any other basis to request such an appeal after pleading guilty. Further, Rose was specifically told during his plea colloquy that "[n]ormally, the only thing that you can appeal after a guilty plea is if the Court was to impose an illegal sentence."[30] Rose raises no such claim regarding his sentence. Therefore, Rose has failed to establish either prong of the *Strickland* test with respect to his third claim for ineffective assistance of counsel.

---

[28] Woloshin Affidavit ¶ 16.

[29] Affidavit at paragraph 16.

[30] July 31, 2017 Plea Transcript, at pg. 6.

28. Finally, Rose asserts that his Fourth Amendment rights were violated at the time of his arrest. He asserts that he advised his counsel that "[he has] had multiple occurrences with the same officers [and] any time they [had] seen him enter the city they pulled [him] over and searched [him]," thereby making the traffic stop pretextual.

29. The record reflects that defense counsel raised the pretextual traffic stop in the motion to suppress. Given that his counsel raised the issue in the suppression motion and that Rose voluntarily waived his right to argue the motion, any claim for ineffective assistance of counsel with respect to the pretextual nature of the traffic stop must fail.

30. Moreover, the record reflects that the Wilmington Police had a legitimate basis for the traffic stop given Rose's failure to use a turn signal and his slurred speech.

31. In conclusion, Rose's plea represented a rational choice given the pending charges, the evidence against him, and the possible sentences he was facing. Rose entered into his plea knowingly, intelligently and voluntarily.[31] Counsel was not deficient in any respect nor was Rose prejudiced in any way by counsel's representation of him. Rose's ineffective assistance of counsel claims are without merit.

---

[31] July 31, 2017 Plea Transcript, at pg. 11.

11

For all of the foregoing reasons, Rose's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Janine M. Salomone

cc: Prothonotary
Zachary D. Rosen, Esquire
Natalie S. Woloshin, Esquire
Mr. Kadeem Rose, *pro se*

12